## Case No. 16,827.

VAN ANTWERP v. HULBURD et al.

[8 Blatchf. 282; [1] Thomp. Nat. Bank Cas. 219.]

Circuit Court, N. D. New York.    March 21, 1871.

FEDERAL COURTS—EQUITY JURISDICTION—NATIONAL BANKS—BONDS FOR REDEMPTION OF CIRCULATION — ASSIGNMENT — PARTIES — CITIZENSHIP.

1. V., a citizen of New York, claimed title, by assignment from a national bank, to the United States bonds deposited by it with the treasurer of the United States as security for the redemption of its circulating notes, under the general banking act of June 3, 1864 (13 Stat. 99), and the acts amendatory thereof. He filed a bill in this court, setting forth that the treasurer of the United States and the comptroller of the currency refused to recognize his rights to the bonds, or their proceeds, and that the said comptroller had appointed one K., a citizen of New York, receiver of the bank, and intended to sell the bonds and pay the surplus of their proceeds, after redeeming the circulating notes of the bank, to the general creditors of the bank, or to K., as such receiver, and that K. claimed, as such receiver, an interest adverse to the plaintiff, in such bonds. The bill made the treasurer, and the comptroller, and K., defendants, and prayed for a decree establishing the plaintiff's title, and requiring the treasurer and the comptroller to deliver to the plaintiff the surplus of the bonds, after redeeming the circulating notes of the bank, and decreeing the appointment of K. as receiver to be null and void. K. interposed a general demurrer to the bill, for want of equity: Held, that the demurrer must be allowed.

2. (Per Woodruff, J.): The plaintiff could not question the validity of the appointment of K. in respect to other property than the bonds.

3. As the court could not grant the relief asked in respect to the treasurer and the comptroller, it could not, on the facts in the bill, grant the relief asked as against K.

4. The proceeds of the bonds could not, under the act, ever come into the possession of K., and, therefore, K. had no concern in the subject matter of the suit.

5. The averment in the bill, that the complainant was informed and believed, that K., as receiver, claimed an interest adverse to the plaintiff, in the bonds, was not sufficient to sustain the bill, as against the demurrer.

6. (Per Hall, J.): The residuary interest of the bank in the bonds was a part of the assets of the bank, to which K., as receiver, was, under the act, entitled, if the plaintiff had no title to such residuary interest, and therefore the bill showed a question of property between the plaintiff and K., as receiver, in respect to such residuary interest.

7. The demurrer should be overruled, if the court had jurisdiction of the suit, as between the plaintiff and K.

8. As the plaintiff and K. were alleged to be citizens of the same state, this court had no jurisdiction of the suit.

In equity.

John H. Reynolds, for plaintiff.

Edwin W. Stoughton and William Dorsheimer, Dist. Atty., for defendant Kingsley.

Before WOODRUFF, Circuit Judge, and HALL, District Judge.

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

WOODRUFF, Circuit Judge. The object of the present suit is to establish the title of the complainant [John H. Van Antwerp] to the United States bonds which were deposited with the treasurer of the United States by the National Unadilla Bank, under the act of congress entitled "An act to provide a national currency, secured by a pledge of United States bonds," &c., approved June 3d, 1864, (13 Stat. 99,) and the acts amendatory thereof, for the purpose of securing circulating notes. The complainant alleges, that the bank determined to go into liquidation and close its affairs as a national bank, and, upon considerations stated, assigned to him all the right, title, and interest of the bank in or to such bonds, and that he agreed to redeem the circulating notes; that the comptroller of the currency and the treasurer of the United States refuse to recognise his rights, have sold some of the bonds, have given notice of the redemption of such circulating notes, and have redeemed a portion thereof; that, although the complainant has offered to deposit legal tender notes to the amount of such circulating notes, provided the bonds are returned to him, the officers mentioned refuse to deliver the bonds, or the proceeds thereof, to him; that, shortly after such assignment to the complainant, the comptroller of the currency, acting under the said act of congress, but without any legal ground therefor, the said bank not having done or omitted any act which warranted the same, assumed to appoint the defendant [Lewis] Kingsley receiver, and he accepted such appointment, and has taken possession of the assets and property of the bank; that the comptroller of the currency has wrongfully sold some of the bonds, and the proceeds have been paid into the treasury of the United States, and he, in defiance of the complainant's rights, threatens to dispose of the residue. and, as the complainant is informed and believes, intends to retain the proceeds, and, after the redemption of all the circulating notes, to pay any surplus thence arising to the general creditors of the National Unadilla Bank, or to the said Kingsley, as the pretended receiver thereof; and that, as the complainant is informed and believes, the said Kingsley claims, in his capacity of receiver, an interest adverse to the complainant in the bonds so deposited with the treasurer for the redemption of the said circulating notes, and afterwards assigned to the complainant. The bill, upon these facts and others, which it is unnecessary here to recite, bearing upon the administration of the defendants [Hiland R.] Hulburd and [Francis E.] Spinner in respect to the bonds, calls upon the latter to account for their administration, and to disclose what they have done, and what they intend to do, and asks a decree establishing the complainant's title, and that, after the redemption of the said circulating notes, or adequate provision made therefor, the officers last named be decreed to deliver the surplus of the bonds, and interest accrued or accruing thereon. to the complainant; and that it be decreed that the pretended appointment of Kingsley is null and void, with a prayer, also, for an injunction. To the bill of complaint the defendant Kingsley demurs generally, for that the complainant is not entitled to the relief prayed by the bill against the defendant.

The complainant shows no interest in the National Unadilla Bank, or its property or assets, of any description, except such title and interest in the bonds which that bank deposited with the treasurer of the United States, to procure circulating notes, as he alleges he acquired by the assignment of those bonds to him by the bank. In so far as the receivership of the defendant Kingsley extends to any other property than those bonds, the complainant has no right to assail the appointment of such receiver as illegal or irregular. Whether the appointment is valid or void does not concern him. The sole object of the action is to assert the rights acquired by the assignment of those bonds to the complainant, and control the administration thereof. If, therefore, it appears, upon the bill of complaint, that this court has no jurisdiction of the officers of the government in whose possession and control the bonds, or the proceeds thereof, now are, and cannot, as to them, grant the relief which the complainant seeks, there would seem no ground for sustaining the suit as against the demurrant, unless he has done, or is about to do, some act which prevents or hinders the prosecution of the complainant's title before the government officers, or which prevents a recognition of those rights by them.

Upon a consideration of the subject growing out of the argument upon the bill of complaint and the plea interposed by the comptroller of the currency and the treasurer of the United States, I have discussed the question at some length, Van Antwerp v. Hulburd [Case No. 10,826], and have come to the conclusion, that this court, in this action, and upon the admitted facts, has no jurisdiction as against those officers, to grant the relief sought, and that, as to them, the bill must be dismissed. So far as the views there expressed are material to the right of the complainant to maintain the action at all, it is sufficient to refer to the opinion. But, in my judgment, the making of the defendant Kingsley a party to the suit was erroneous, upon grounds independent of the question there considered.

The defendant Kingsley has no custody, possession, or control of the bonds in question, and, under no administration thereof, under the act of congress, can they, or any proceeds thereof, ever come to his possession, custody, or control. He has no title nor interest in the bonds, or their proceeds, legal, equitable, or official, nor has he any duty to perform in respect thereto. His authority and his duty are founded upon section 50 of the act, which, with sections 31 and 34, declares the case in which the comptroller of the currency may appoint a receiver. The character, powers, and

duties pertaining to such receivership are distinctly defined in section 50. He shall, under the direction of the comptroller, "take possession of the books, records, and assets, of every description, of such association, collect all debts, dues, and claims belonging to such association, and, upon the order of a court of record, of competent jurisdiction, may sell or compound all bad or doubtful debts, and, on a like order, sell all the real and personal property of such association, on such terms as the court shall direct, and may, if necessary to pay the debts of such association, enforce the individual liability of the stockholders provided for by the twelfth section of this act; and such receiver shall pay over all money so made to the treasurer of the United States, subject to the order of the comptroller of the currency, and also make report to the comptroller of the currency of all his acts and proceedings." This is the beginning, scope, and end of his duty and functions. It is the comptroller who is to advertise for claims against the bank, and divide the money, (after redeeming the circulating notes,) to and among the creditors of the bank. Whatever power to sue may be implied as necessary to the performance of the duties of the receiver, and even if such receivership be held to involve the vesting in him, pro hac vice, the legal title to the property and the debts, dues, and claims which he is to collect or sell and convert into money, the receivership is limited, by the object of its creation, and the duties which it involves. For the full accomplishment of the object, and the due discharge of those duties, it may be conceded he has all necessary title, authority, and power. But he cannot touch one of the bonds deposited with the treasurer, or a dollar of the proceeds thereof. They are committed to a different and a higher administration. All that he collects he is to pay to the treasurer. The bonds, and all proceeds thereof, are already there. Practically, the receiver is the mere agent of the comptroller, to bring the residue of the assets into the United States treasury. True, the language of the section is, that he shall take possession of the books, records, and assets, of every description, of such association. But this was not intended to displace the custody of the bonds held by the treasurer, or the authority of the comptroller of the currency over such bonds. The administration of such bonds, and the mode and manner of their appropriation to the purposes for which they are held, are fully prescribed in other sections of the act, and these are to be had in view in the construction of the language last cited. The bonds, and the interest accrued thereon, and the proceeds thereof, are already, by the other express enactments, in the hands of the treasurer; and it is absurd to say, that the title thereto, or some interest therein, was vested in the receiver, for the purpose of paying them over to the treasurer. The bonds, if sold, are to be sold by the comptroller of the currency. The receiver has no office or duty to perform in respect thereto, and has no administration of the proceeds, when the comptroller has made the sale and paid them over to the treasurer. In short, the receiver has no concern in the subject matter of this suit. He has no power to do anything, and it is not alleged that he has done, or has attempted to do, anything, which impairs, in any manner, the alleged rights of the complainants, or hinders or prevents his obtaining the recognition of his rights, or any redress to which he is entitled, if those rights are not respected.

But, the complainant has inserted in his bill the statement, that he is informed and believes, that the demurrant claims, in his capacity as such receiver, an interest, adverse to him, in the bonds so deposited with the treasurer; and, inasmuch as a demurrer admits the facts stated, it is claimed that the fact and the admission thereof are sufficient ground for making the receiver a party defendant, and for requiring him to answer the bill. I am, of course, aware, that it is the common practice in the state of New York, in actions for the foreclosure of mortgages, and, perhaps, some others, to assign as a reason for making some defendants parties, that they claim some interest, as mortgagees, judgment creditors, or otherwise, in the premises. But this is a part of a plan devised to save the expense of setting out their interest in detail, and is accompanied by provisions for giving them notice that no formal claim is made against them, and, on the one hand, relieving them from the necessity of answering, when, in fact, no interest adverse to the complainant exists, and from liability for costs; and, on the other, saving the plaintiff from the effect of a disclaimer. This practice has no bearing upon the present question.

It is not true, when the bill of complaint shows affirmatively, on its face, that the defendant has no interest in the matter, has neither a legal nor an equitable interest in the subject of the controversy, has no apparent documentary or other means of asserting a title or interest, not even color for a claim, when he has nothing which can be affected by the decision the court is required to make touching the rights of the complainant, or, in short where, upon the facts stated, it is clear that he stands wholly indifferent and unaffected, that the complainant may make him a party, and compel him to answer, by merely stating that he is informed and believes that he claims an interest. This is not enough to set the power of a court of equity in motion. This does not show that a resort to a court of equity is necessary to protect the complainant against such claim, or that he is in any danger by reason thereof. In the present case, it not only is not shown that such claim is not an idle, harmless pretense, but the bill states a case in which the court is bound to say, as matter of law, it is utterly groundless, if not frivolous, and the complainant states no fact which warrants an appeal

to a court of equity to protect him. It is not suggested, in the bill, that this alleged claim is used, or has been used, in any manner, to the complainant's prejudice, or that it is, in any way, an obstacle to his obtaining possession of his bonds, or their proceeds, from the officers of the government. No facts are stated bringing this alleged claim within any analogy to suits to settle doubtful or conflicting claims, or to remove a cloud upon title, or to suits quia timet. A bill of interpleader resting upon such a naked allegation would not be entertained for a moment. The case, in this respect, stands upon the assumption, that a complainant may bring into his controversy with one who holds and claims to hold the subject matter in dispute, any defendant of whom he can say, that he is informed and believes, that such defendant claims an interest therein, and this, although, as matter of law, in the case made, no such interest, legal or equitable, exists, and no fact is stated showing that such person is doing anything whatever in hostility to, or to the prejudice of, the complainant's right. When to this is added, that, upon grounds more fully stated in reference to the other defendants who have pleaded to the bill, we have no jurisdiction to grant any relief to the complainant, against the only defendants who are shown to have any possession or control over the subject of the controversy, the conclusion is inevitable, that the demurrer of this defendant must be sustained.

HALL, District Judge The bill in this case sets forth the organization of the National Unadilla Bank, under the general banking act of the United States; the subsequent deposit by the bank, with the treasurer of the United States, of $111,200, in United States registered bonds, as security for circulating notes to be issued under the authority of that act; the receipt by the bank, from the comptroller of the currency, of $100,000, in circulating notes; and that such bonds were held exclusively for the redemption of such circulating notes. It also states, that, afterwards, and on the 8th of June, 1867, the said bank, by a vote of its directors and shareholders owning at least two-thirds of its capital stock, determined to go into liquidation as a national bank, and notified the comptroller of the currency thereof; that all lawful proceedings were had and taken in due form to put all its affairs in liquidation; that, on the last mentioned day, the bank assigned to the complainant all its interest in the bonds so deposited; that the complainant agreed to redeem all such circulating notes, and has always been ready to do so; that the treasurer of the United States and the comptroller of the currency were immediately notified of such assignment and its conditions; that the complainant offered to deposit with the proper officer $100,000 of the legal tender-notes of the United States, to secure such circulating notes, on receiving the bonds

so deposited, and such offer was refused; that, afterwards, and in August, 1867, the defendant Hulburd, the comptroller of the currency, without any legal right or authority whatever, (the non-existence of any fact or condition of things upon which such legal right or authority could be based being expressly alleged by the bill,) assumed to appoint the defendant Kingsley as a receiver of the assets of said National Unadilla Bank; that the comptroller of the currency has wrongfully sold some of the said bonds, and has paid the proceeds into the treasury of the United States, and intends to sell the remaining bonds and retain all the proceeds thereof, and, after the redemption of the circulating notes of the bank, to pay any surplus thence arising to the general creditors of the bank, or to the defendant Kingsley, as the pretended receiver thereof; that Kingsley thereafter took possession of all the assets of the bank, as such receiver; and that the complainant is informed and believes that the said Kingsley, in his capacity as such receiver, claims an interest in said bonds so deposited, adverse to the complainant. It is expressly averred, that the National Unadilla Bank had ceased to exist, as a national bank, and had not failed to redeem its notes, and had committed no act authorizing the comptroller of the currency to appoint a receiver, and that he and the treasurer had no official duty to perform in respect to such securities, except to hold them as security for the redemption of the circulating notes of such national bank, or dispose of them for the payment and redemption of such notes in the manner provided for in said general banking act, and that such securities had a market value of about eight per cent. over their par value. To this bill the defendant Kingsley demurred, and alleged that the bill shows that the plaintiff is not entitled to the relief prayed.

The bill contains sundry other allegations, but it is unnecessary to state its allegations more fully, as the ground upon which the validity of the demurrer was based is well set forth in the opinion of my learned brother, (to whose conclusion in this respect I am unable to assent,) in the statements, that the defendant Kingsley has no custody, possession, or control of the bonds in question, and that, under no administration thereof, under the act of congress, can they, or any proceeds thereof, ever come to his possession, custody, or control; and that he has no title or interest in the bonds, or their proceeds, legal, equitable or official, or any duty to perform in respect thereto.

In one sense, and upon the allegations of the plaintiff's bill, it is certainly true, that the defendant Kingsley has no interest in the bonds deposited by the bank; but its truth, in that sense, furnishes no ground for the demurrer. It is true, because, upon the allegations of the bill, the plaintiff's right to the bonds, or their proceeds, after the payment

of the $100,000, of the circulating notes of the bank, is perfect, and necessarily excludes all right of any representative of the bank; but it is not in that sense that the statements of my learned brother are intended to be understood. It is quite certain, from other portions of his opinion, that he bases such statements upon the conclusion, that the defendant Kingsley would have had no right to the possession, custody, or control of such bonds, or any portion of their proceeds, after the full redemption of all the circulating notes of the bank, even if there had been no assignment of the interest of the bank in the bonds so deposited. It is true, that there is some language in his opinion which might indicate that this was not the sole ground upon which the statements referred to are based; but such language must be considered in connection with the general law of pleading, and it is not likely that it was intended to be based upon the fact, that the bill showed, that the defendant Kingsley had no interest in the subject-matter of the suit, inasmuch as it showed that the plaintiff's title to the residue of the bonds, or their proceeds, after the circulating notes of the bank were redeemed, was perfect and unquestionable, as against the bank and its representative. On that ground, many, if not most, bills, would be demurrable; for, it is, ordinarily, the very object and purpose of a bill in equity. to show that the defendant against whom relief is sought has no paramount or other right to the subject of the controversy, and that the plaintiff's right to relief is unquestionable. Surely, this is no ground for a demurrer to a bill which shows an interest in the defendant if the plaintiff's claims are not sustained, and also shows, by direct and express averment, that such defendant claims a right adverse to that asserted by the plaintiff.

In this view of the case, it is proper to consider the provisions of the general banking act under which such securities were deposited, and also the provisions of the same act under which the comptroller of the currency assumed to appoint the defendant Kingsley as such receiver.

These bonds were deposited by the bank with the treasurer of the United States, under the 16th. 26th. and other sections of the general banking act of June 3, 1864 (13 Stat. 99); and, under the 26th section, they were to be held exclusively for the purpose of securing the circulating notes of the bank. By the 16th section, the bank is authorized to return its circulating notes to the comptroller and take up the securities deposited therefor, in the proportions and to the extent described; and, by the 26th section, the bank is entitled to a power of attorney to receive and appropriate to its own use the interest on these securities, until it shall have failed to redeem its circulating notes. These and other provisions of the act show conclusively that the bank, before its assignment to the

plaintiff, had the equitable, if not the legal, interest, in these securities, subject only to the power and right of the proper officers of the government to dispose of them, or so much of them as might be necessary, in the manner prescribed by the act, for the redemption of the circulating notes of the bank; and this residuary interest the bank might, in the ordinary course of its business, before the appointment of any receiver, assign for a proper consideration. This residuary interest, if not assigned by the bank before the appointment of a receiver, is necessarily a part of the assets of the bank; and the 50th section of the act. under the provisions of which the defendant Kingsley acts as receiver, after authorizing the appointment of a receiver, under certain circumstances, provides, that he "shall take possession of the books, records, and assets of every description, of such association," (bank.) "collect all debts, dues, and claims belonging to such association." &c. The same section also provides, that the receiver shall pay the moneys made or realized by him out of the assets of the bank. "to the treasurer of the United States, subject to the order of the comptroller of the currency," and that the comptroller. (after paying preferred claims, &c.,) "shall make a ratable dividend of the money so paid over to him by such receiver, on all such claims as may have been proved to his satisfaction or adjudicated in a court of competent jurisdiction." There is nowhere in the act any other provision for the division or disposition of the moneys arising out of the residuary interest of the bank in bonds pledged as security for its circulating notes; and it is only of the moneys paid over by the receiver, under this 50th section, that the comptroller is authorized to make a dividend. There is no provision in the act authorizing the comptroller or treasurer to dispose of the residue or surplus proceeds of such bonds in payment of the debts of the bank, or otherwise, and, therefore, until the moneys arising therefrom are legally transferred from the treasurer to the receiver, they are in the possession of the treasurer, as the officer of the United States. as the holder of a pledge for the bank; and the comptroller has no power to make any distribution thereof. in payment of the general debts of the bank, until they have passed into the hands of the receiver and have been by him paid over to the treasurer, subject to the order of the comptroller of the currency. The residuary interest of the bank in the securities thus pledged is a part of the assets of the bank, the same as though such securities had been pledged to a private person, as collateral security for the payment of an ordinary commercial debt; and a properly appointed receiver, as the representative of the bank, has the right to demand and receive the property so pledged, as an asset of the bank, in the one case the same as in the other.

It seems very clear, then, that, upon the

case made by the bill, the right to this residuary interest is in the plaintiff; and that, if the plaintiff's right under the assignment set forth is not established, no one but the defendant Kingsley, as such receiver, (if he has been legally appointed and become vested with the right of the bank,) has a right to the same. There is, therefore, a question of property between these parties, upon the claim made by the defendant, as expressly charged in the bill; and the demurrer, consequently, admits, that the defendant, as such receiver, claims an interest in such securities adverse to the plaintiff. These adverse claims to this residuary interest may, therefore, be properly litigated, in this suit, between the plaintiff and Kingsley, as the only party who appears to claim a legal pecuniary interest adverse to the plaintiff's alleged right, and as the only party who can now have a legal standing in court to represent that interest and litigate the claims of the plaintiff, if the receiver was properly appointed. It does not appear that any one but the defendant Kingsley asserts any claim to such residuary interest in the subject in controversy, as against the plaintiff, and he claims, as such receiver, and as the representative or legal assignee or successor of the bank, for the purpose of paying the same to the general creditors of the bank; and, as a decree in this case would determine the question of right as between these two parties, the demurrer should, in my judgment, be overruled, in case this court has jurisdiction of this suit, as between the plaintiff and the defendant Kingsley.

I do not remember that this question of jurisdiction was raised upon the hearing, and my minutes of the argument do not show that it was discussed by the counsel, or that any act of congress conferring jurisdiction in such a case as this, when the plaintiff and defendant are alleged to be citizens and residents of the same state, was cited. And I am not aware that any such act is in force. For that reason, I concur in the conclusion that the demurrer must be allowed.