MATHEWS v. COLUMBIA NAT. BANK OF TACOMA et al.

(Circuit Court, D. Washington, W. D. December 2, 1896.)

NATIONAL BANKS—INCREASE OF STOCK—SUBSCRIPTIONS—COMPTROLLER'S AP
PROVAL.

The stockholders of the C. National Bank voted to increase its capital $300,000, and M. subscribed and paid for 23 shares of the proposed increase. Only $150,000 of such proposed increase was ever paid for, and the directors applied to the comptroller of the currency to approve the increase to the amount of $150,000, which was refused. Afterwards the stockholders voted an increase of $150,000, and applied for approval thereof, which was refused; but later the comptroller, on his own motion, on the eve of the bank's insolvency, approved this increase. M. sued the bank and its receiver to recover the amount paid by him under his subscription to the first proposed increase. Held, that the comptroller's refusal to approve the first increase to the extent of $150,000, nullified the vote for the increase and M.'s subscription to the stock, leaving him in the position of a creditor of the bank for the amount paid in, and the subsequent proceedings, he not having participated therein, could not reanimate his contract of subscription.

T. M. Hammond, for plaintiff.

Philip Tillinghast, in pro. per.

HANFORD, District Judge. The plaintiff, L. P. Mathews, claiming to be a creditor of the Columbia National Bank of Tacoma, has brought this action against the bank and Philip Tillinghast, its receiver, to establish his claim. The material facts alleged in his complaint are as follows: The bank was originally organized with a capital of $200,000. In the month of January, 1892, the shareholders of the bank voted to increase the capital to $500,000. The plaintiff, being at that time an owner of 23 shares, which he had paid for, subscribed for 23 shares of the proposed issue of the additional stock, and made full payment for said additional stock, at its par value. Only one-half of the amount of the proposed increased capital was ever paid in by the shareholders, and in July, 1895, the directors of the bank made application to the comptroller of the currency to approve the increase of stock to the amount of $150,000, which had been paid in, and said application was refused. In September, 1895, the shareholders voted an increase of capital to the amount of $150,000, and applied to the comptroller of the currency to approve such increase, which he refused. On October 23, 1895, without any renewal on the part of the shareholders or directors of the bank of the application for approval of an increase of capital, the comptroller, on his own motion, signed a certificate approving the increase voted for by the shareholders in September. The bank was at that time insolvent, and on the next day a receiver was appointed by the comptroller, who took immediate possession of the bank and its assets. The plaintiff's claim for the amount which he paid for 23 shares of additional stock has been disallowed by the receiver.

To this complaint the defendants have demurred, thereby raising the important question as to the validity of the action of the comptroller in assuming to approve the increase of the capital when there

was no application therefor pending, and after he had once exercised his power in the premises by refusing to sanction such increase. Section 5142 of the Revised Statutes of the United States provides for increasing the capital stock of national banks, and it is therein provided that three things must concur, to constitute a valid increase, viz.: First, the association must, by a vote of two-thirds of its stockholders, assent to the increase; second, the entire amount of increase must be paid in; third, the comptroller must, by a certificate, approve the increase, and certify to the fact of its payment. The attempt to increase the capital of the Columbia National Bank to $500,000 failed for lack of two of these essentials; for the amount of the proposed increase was not paid in, and the comptroller did not grant the necessary certificate. In support of the demurrer, the defendants claim that it was in the power of the comptroller to approve an increase to any amount not in excess of the amount assented to by the shareholders, and that his action approving an increase for $150,000 is effective against all who were subscribers to the increased capital authorized by the original vote of the shareholders in January, 1892, and that they are liable as shareholders, although no certificates of stock were issued; and they cite the following decisions of the supreme court: Delano v. Butler, 118 U. S. 634, 7 Sup. Ct. 39; Aspinwall v. Butler, 133 U. S. 595, 10 Sup. Ct. 417; Bank v. Eaton. 141 U. S. 227, 11 Sup. Ct. 984. In deference to these decisions, I should feel constrained to overrule this demurrer if the facts of this case brought it within the rules therein laid down. But in this case the comptroller, instead of complying with the application for his approval to an increase towards which the complainant had subscribed, did the contrary; that is to say, he refused his approval, and thereby nullified the vote of the shareholders for an increase of capital, and canceled the complainant's subscription for 23 shares of the increased capital. This left the complainant in the position of a creditor of the bank for the amount of money which he paid in for stock which he did not get. The subsequent action of the shareholders, in which he did not participate, in making a new application to increase the capital, cannot, by any rule of law, operate to reanimate the complainant's contract of subscription; and I hold that it is contrary to the principles of justice, and beyond the power of the comptroller, to change the rights of the complainant from that of a creditor of the bank to that of a shareholder liable to assessment for the benefit of other creditors, by a mere fiat, after the bank had become insolvent, and after all attempts to increase its capital, whereby it might have been saved from ruin, had failed by reason of the exercise of his power in refusing to approve such increase. The demurrer will be overruled.