## MATTHEWS v. COLUMBIA NAT. BANK et al.

(Circuit Court, D. Washington, W. D. March 31, 1897.)

1. BANKS—INCREASE OF STOCK—RECOVERY OF MONEY PAID FOR STOCK.

Where a vote by the stockholders of a bank to increase the capital stock to a certain amount never became effective because only one-half the proposed increase was subscribed and paid for, the board of directors was not authorized to cancel one-half the proposed additional stock which had not been subscribed for, nor to give the assent of the corporation to an increase to any amount; the shareholders alone being authorized to determine whether there should be any increase, and to fix the amount. And a stockholder who subscribed and paid for new stock issued under the original plan is entitled to recover back the amount thus paid, even though there was afterwards a valid vote of the stockholders to increase the stock to the smaller amount, as he never assented to a subscription for stock under the new plan.

2. SAME—STOCKHOLDERS' MEETINGS.

Where the articles of association of a bank provided that meetings of shareholders might be called by the board of directors, or by any three shareholders, a resolution carried at a meeting called by the president and cashier was not a valid act of the corporation, all the shareholders not being present.

3. SAME—ESTOPPEL.

A stockholder in a corporation is not estopped from questioning the validity of a stockholders' meeting by reason of his participation in the proceedings by proxy, as his agent was only authorized to act at lawful meetings.

Action at law by L. P. Matthews against the receiver of the Columbia National Bank to establish a claim for money received by

the insolvent bank for plaintiff's use. Jury waived. Trial by the court.

T. W. Hammond, for plaintiff.
Philip Tillinghast, for defendants.

HANFORD, District Judge. From the evidence and admissions of the parties on the trial the facts of this case appear somewhat different from the allegations of the plaintiff's complaint heretofore considered upon a demurrer. 77 Fed. 372. The true history of the case, briefly stated, is as follows: In 1892, the Columbia National Bank was in operation with a capital stock of $200,000. The shareholders voted to increase the capital to $500,000, and new stock was subscribed and paid for to the amount of $150,000. On account of the failure on the part of the shareholders to take the remaining one-half of the proposed new issue of stock, the matter hung fire until in the month of July, 1895, when the directors of the bank requested the comptroller of the currency to authorize and certify an increase of the capital stock to the amount which had been paid for. The comptroller of the currency did not take definite action by refusing to grant the certificate, but notified the officers of the bank that the increase of capital would be authorized and certified, provided the shareholders would vote in favor of an increase to that amount. A meeting of the shareholders, called by the president and cashier of the bank, was held in September, 1895, and at said meeting a large majority of the stock, but not all of it, was represented, and a resolution in favor of an increase of capital to the amount of $150,000 was carried. This action was reported to the comptroller of the currency, and on the 23d day of October, 1895, he certified that the capital had been increased and paid up, and on the following day he declared the bank to be insolvent, and placed a bank examiner in charge of it. In the year 1892 the plaintiff subscribed for 23 shares of the proposed new stock, and made full payment therefor, and this action is to recover back the amount so paid. The plaintiff was not present at the meeting of the shareholders in September, 1895, although he was represented by one T. W. Bean, who assumed to act for him, and voted in his name under a proxy authorizing him to attend meetings of the shareholders, and represent the plaintiff's stock. The plaintiff did not at any time subscribe for new stock after the proposal to make the increase $150,000 instead of $300,000. The books of the bank at all times showed that the proposed increase of capital remained uncertified. Although one of the grounds for my ruling on the demurrer to the complaint in this action has been eliminated by the evidence showing that the comptroller of the currency did not exhaust his power to determine whether or not an increase of the capital of the bank to the amount of $150,000 should be authorized by a definite refusal to grant the request of the board of directors, still enough of the plaintiff's case has been established upon the trial to entitle him to recover. The case is materially different from the cases of Delano v. Butler, 118 U. S. 634, 7 Sup. Ct. 39; Aspinwall v. Butler, 133 U. S. 595, 10 Sup. Ct. 417; and Bank v. Eaton, 141 U. S.

227, 11 Sup. Ct. 984,—for in those cases it was decided that the board of directors had power to make disposition of the increased capital of the bank in excess of the amount subscribed for, and that the action of the board of directors and the comptroller of the currency was binding upon all of the subscribers for new stock; and the court found as a fact that the corporation, through its board of directors, had given its assent to the proposed increase of capital in a manner authorized by law. But under the law existing at the time of the transactions involved in this case, and the ruling of the comptroller of the currency, the board of directors of the bank were not authorized to cancel one-half of the proposed additional stock, which had not been subscribed for, nor to give the assent of the corporation to an increase of any amount. The shareholders alone were authorized to determine for the corporation whether or not there should be any increase, and to fix the amount. The action of the shareholders in 1892 failed to become effective, because only one-half of the proposed increase was subscribed and paid for. The resolution authorizing an increase of the capital to the amount of $150,000, carried at a meeting of the shareholders in September, 1895, was not a valid act of the corporation, because the meeting was not called by competent authority. The articles of association of the bank provide that meetings of the shareholders may be called by the board of directors, or by any three shareholders. The president and cashier are not empowered to call meetings of the shareholders. A meeting not called lawfully cannot act so as to bind the corporation, unless all the shareholders attend, which they did not in the case of the meeting referred to. The plaintiff is not estopped from questioning the validity of said meeting by reason of his participation in the proceedings by proxy. Mr. Bean was only authorized to act at lawful meetings. He could not bind the plaintiff by waiving objections to a meeting not lawfully called, and not attended by all the stockholders. Even if otherwise valid, the vote at said meeting in September, 1895, failed to become effective so as to bind this plaintiff, because it was the initiation of a plan to increase the capital of the bank, entirely different from the first attempt; and the plaintiff's subscription for stock to be issued under the plan of 1892 could not be carried over as a subscription for new stock under the plan for 1895, without his assent. There is no pretense that he ever did assent to any subscription for shares of an issue of $150,000 of new stock. The argument advanced on the part of the receiver that effect must be given to the comptroller's certificate as a quasi judicial determination of a fact of the same character as where the comptroller decides that a national bank has become insolvent, and that the certificate is, therefore, not subject to collateral attack, is, in my opinion, unsound. Subscription for stock is a contract, and the elementary principles of the law of contracts make it impossible for a person to be bound as a subscriber for stock who has never assented to be thus bound. I hold that the plaintiff is entitled to recover back the amount of money which he paid into the bank for stock which he never received. Let there be findings and a judgment for the plaintiff in accordance with this opinion.