## BROWN v. TILLINGHAST.

(Circuit Court, D. Washington, W. D. December 31, 1897.)

1. PAYMENT—RECOVERY ON GROUND OF MISTAKE—SUBSCRIPTION TO NATIONAL BANK STOCK.

A payment made for stock of a national bank under an erroneous belief that all of an increased issue of stock authorized by the stockholders, and of which the stock paid for formed a part, had been sold, and the subscriptions therefor had thus become binding, is not voluntary, and the money may be recovered back, though the facts might have been learned by the exercise of greater diligence and care.

2. NATIONAL BANKS—INSOLVENCY—ASSESSMENT—PARTIES.

The comptroller of the currency and the treasurer of the United States are not necessary parties defendant in an action against the receiver of an insolvent national bank to recover an assessment made by the comptroller, and paid by the plaintiff under an erroneous belief that he was a stockholder.

Suit in equity by H. W. Brown against Phillip Tillinghast, as receiver of the Columbia National Bank of Tacoma, to establish plaintiff's claim as a creditor against the Columbia National Bank for the amount of $6,250, paid on his subscription for increased capital stock of the banking association, and also to establish a claim as a preferred creditor against the assets for the amount of $3,050 paid upon an assessment ordered by the comptroller of the currency against the stockholders of said bank. Demurrer to the bill of complaint overruled.

T. W. Hammond, for plaintiff.
Phillip Tillinghast, in pro. per.

HANFORD, District Judge. In the case of Matthews v. Bank, 79 Fed. 558–560, this court decided that the vote of the stockholders of the Columbia National Bank of Tacoma to increase the capital stock

of said bank to the amount of $500,000 never became effective because the full amount of the proposed increase was not subscribed or paid for; that the board of directors was not authorized to cancel the increased stock in excess of the amount subscribed and paid for, nor to give the assent of the corporation to an increase to any amount, as only the shareholders had the power to determine whether there should be any increase, and to fix the amount; and that a subscriber for new stock to be issued pursuant to the resolution of the stockholders to increase the capital of the bank to $500,000 was entitled to recover back the amount paid upon his subscription, and that a vote of the stockholders subsequent to his subscription, and the payment made on account thereof, to increase the capital of the bank to an amount equal to that which had been subscribed for, was not binding upon him, for the reasons that said vote was taken at a meeting not called for the purpose by lawful authority, and his assent was never given to any contract of subscription for increased stock, other than a specified number of shares to be issued according to the original plan.    By his complaint in this case, the complainant sets forth, in substance, the same facts as to the ineffective attempts to increase the capital stock of the Columbia National Bank, and that under the original plan to increase the capital of the bank to $500,000 he subscribed for 50 shares of the proposed new stock, and paid to the bank on account of his subscription $5,000, and also paid an assessment levied by the bank, amounting to $1,250; and that, after the bank went into the hands of a receiver, a demand was made upon him to pay an assessment ordered by the comptroller of the currency, and, in compliance with that demand, he did pay $3,050 to the receiver; that until a time subsequent to all of said payments he was ignorant as to the true facts affecting the legality of the proceedings to increase the capital stock of the bank, and that in making said payments he erroneously believed that the capital of the bank had been increased as proposed, and that he had become liable upon his contract of subscription; and that, if he had possessed accurate knowledge of the facts, and if he had not erroneously believed that the stock had been increased, and that he was obligated to pay for stock of which he had become the owner, he would not have made said payments.

As to all the questions considered and passed upon in the case of Matthews v. Bank I now adhere to and follow the ruling in that case. The defendant now contends that the bill of complaint shows upon its face that no deceit was practiced upon plaintiff; that he had means of obtaining knowledge, and by diligence could have ascertained the truth in regard to the transaction before making either of said payments; and that, although he failed to obtain true information, his fault in neglecting to seek for information is inexcusable, and therefore he occupies the position of one who has made a voluntary payment in settlement of a claim asserted against him, and he is not entitled to recover back any part of such voluntary payments.    On this point I hold that a payment is not a voluntary payment if made under an erroneous belief on the part of the payor as to a liability to pay, which in fact did not exist, and that money paid under a mistake as to the facts affecting a supposed liability may be recovered back,

although the mistake might have been avoided if greater care had been taken to investigate and ascertain the facts regarding the transaction. U. S. v. Barlow, 132 U. S. 271-282, 10 Sup. Ct. 77.

This demurrer is also based in part upon the ground that there is a defect of parties defendant. It is insisted that the comptroller of the currency and treasurer of the United States are indispensable parties, for the reason that the $3,050, paid by the complainant to the receiver has been placed in the treasury of the United States, and can only be repaid by the treasurer, under an order to be made by the comptroller of the currency, authorizing such repayment. It has not been usual to join these officers as parties defendant in actions of this nature, and, as they are not within the reach of process of this court, it is not practicable to bring them into the case so as to bind them by any judgment which the court can render. The receiver of an insolvent national bank is authorized to sue and defend actions for the purpose of collecting the assets, and for the adjudication of disputed claims against such bank. The court can only go so far as to render a declaratory judgment, establishing the rights of the respective parties. If the complainant obtains a judgment in his favor, the comptroller of the currency must make an order to pay it. It is not to be presumed that the officers of the government will refuse to pay, in whole or in part, any lawful judgment; but, if there should be an obstinate refusal on the part of the comptroller of the currency, or on the part of the treasurer of the United States, to pay a judgment out of the funds available for the purpose, the complainant must seek for vindication of his rights by an application to a court having jurisdiction at the place where said officers reside for coercive measures. But the possibility of having to work out satisfaction of a judgment with the assistance of a court of another jurisdiction forms no barrier to an adjudication of the rights of the parties within the jurisdiction of this court. If the suit were against the defendant in his capacity as an individual, and if he had no property subject to execution in this district, but did have ample means situated in another state, it could not be insisted that he would not be suable in this court, because the judgment could not be enforced by process of this court, nor could it be urged that persons in another state were necessary parties defendant, because they were in actual possession of the only property available to satisfy a judgment against the defendant. Demurrer overruled.