GILBERT et al. v. McNULTA.

(Circuit Court, N. D. Illinois. March 16, 1899.)

No. 25,013.

NATIONAL BANKS—RIGHT TO SUE RECEIVER.

The receiver of a national bank may be sued in a federal court in relation to a contract made by him on behalf of the estate in the course of its administration.[1]

---

[1] As to jurisdiction of cases involving federal questions, see note to Bailey v. Mosher, 11 C. C. A. 308, and, supplementary thereto, note to Montana Ore-Purchasing Co. v. Boston & M. Consol. Copper & Silver Min. Co., 35 C. C. A. 7.

On Demurrer to Plea to Jurisdiction.

James S. Harlan and S. S. Gregory, for plaintiffs.

J. A. Baldwin, Henry R. Baldwin, and J. D. Hood, for defendants.

SEAMAN, District Judge.  The sole question raised by the plea is whether the receiver of a national bank appointed under the act of congress is suable in this court upon his contract made on behalf of the estate in the course of its administration.  It is established by authority that the receiver in such case is "not the officer of any court, but the agent and officer of the United States," in the performance of his duties.  Ex parte Chetwood, 165 U. S. 443, 458, 17 Sup. Ct. 385.  But it is equally well settled that officers of the United States are not granted immunity from suits in all cases, even in respect of matters in which their possession or acts are exclusively for the United States (U. S. v. Lee, 106 U. S. 196, 1 Sup. Ct. 240; Tindal v. Wesley, 167 U. S. 204, 17 Sup. Ct. 770), and that courts of law may determine as to the rights of parties dealing with such officers, although they may not interfere with the discharge of official duties (Gaines v. Thompson, 7 Wall. 347; Litchfield v. Register, 9 Wall. 575). In the case at bar the act provides for the comptroller to have the charge of winding up the affairs of the insolvent bank for the benefit of creditors and stockholders, and the receiver is appointed by him as a trustee or agent to that end.  While the funds which come to the hands of the receiver are paid over "to the treasurer of the United States, subject to the order of the comptroller," they are in no sense public funds, but belong to the stockholders after all liabilities are discharged.  The argument against jurisdiction rests mainly upon the proposition that there is no express statutory authority for its exercise, and therefore there can be no cognizance in a federal court under its well-settled limitations.  I am of the opinion that the proposition is not well founded, as the administration of the affairs of the insolvent bank arises exclusively under the act of congress (Rev. St. §§ 5234–5238); and by another act, of August 13, 1888, jurisdiction is conferred upon the circuit courts "of all suits of a civil nature at common law or in equity when the matter in dispute exceeds, exclusive of interest and costs, the sum or value of $2,000, and arising under the constitution or laws of the United States."  See Hallam v. Tillinghast, 75 Fed. 849; Smithson v. Hubbell, 81 Fed. 593; Snohomish Co. v. Puget Sound Nat. Bank, Id. 518.  The case is distinguished from Bausman v. Dixon (decided by the supreme court Feb. 20, 1899) 19 Sup. Ct. 316, and from Capital Nat. Bank of Lincoln v. First Nat. Bank of Cadiz, 172 U. S. 425, 19 Sup. Ct. 202, there cited. No ground of public policy appears to oppose action by the courts to determine the rights of claimants against the funds which are in course of administration under the act, aside from the fact that the machinery of the government is employed therein.  On the other hand, the claimant is without remedy; is, in effect, denied due process of law, if his suit cannot be entertained.  The inhibition must be clear to oust jurisdiction in such case, and this statute expressly provides for action by the court when application is made under sections

5234 and 5237, and recognizes by section 5236 that claims may be adjudicated "in a court of competent jurisdiction." See Bank of Bethel v. Pahquioque Bank, 14 Wall. 383. In the case of Merrill v. Bank, on appeal from the United States circuit court of appeals, Fifth circuit (21 C. C. A. 282, 75 Fed. 148), the opinions filed in the supreme court February 20, 1899 (19 Sup. Ct. 360), are instructive, as jurisdiction was there entertained of a bill filed against the receiver by a secured creditor to obtain dividends upon the face of his claim without deduction for collaterals. The prevailing opinion is delivered by the chief justice, and there are dissenting opinions by Mr. Justice White (concurred in by Justices Harlan and McKenna), and by Mr. Justice Gray, in all of which the discussion is upon the merits; and the question of jurisdiction, which was clearly presented, if not raised, finds no comment, but was evidently accepted as not open to dispute. It is insisted, however, on behalf of the receiver, that he cannot be sued in any court upon a claim or contract arising in the course of administration, whatever may be the liability as to adjudication of claims existing against the insolvent bank. Of the numerous authorities cited in the brief of counsel none appears to sustain this contention, aside from a suggestion by Judge Hall in Van Antwerp v. Hulburd, 8 Blatchf. 282, Fed. Cas. No. 16,827, which is clearly obiter. Nor is any authority called to my attention which passes upon the question of jurisdiction as raised here. But it was clearly presented on the face of the pleadings or on the undisputed facts in at least three cases cited on behalf of the plaintiff, namely, Gibson v. Peters, 150 U. S. 342, 14 Sup. Ct. 134; Ex parte Chetwood, 165 U. S. 443, 17 Sup. Ct. 385; and Brown v. Tillinghast, 84 Fed. 71. In each of these cases the action was entertained, founded upon the contract or acts of the receiver in the course of administration, and there was full consideration upon the merits, and Gibson v. Peters is directly in point upon the facts. Although the jurisdiction does not appear to have been questioned in that or the Chetwood Case, they are of strong inferential value to sustain it under the circumstances shown. I am of the opinion that the demurrer to the plea must be sustained, and it is so ordered.